IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS TATE,                            :
a/k/a/ MARCUS TAITE,
a/k/a DRELIJAH MUHAMMAD,                :
AIS # 180664,
                                        :   CIVIL ACTION 10-0257-KD-M
Plaintiff,
                                        :
vs.
                                        :
STATE OF ALABAMA, et al.,
                                        :
    Defendants.

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).[1]

Section 1915(g), referred to as the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), provides:

> In no event shall a prisoner bring a civil
> action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner

---

[1] In light of this Report and Recommendation, Plaintiff's pending "motion to proceed without payment" (Doc. 3) is DENIED. In addition, Plaintiff's motions to compel an answer, to appoint counsel, and for class action status (Doc. 2) and to quash the indictment filed in state court (Doc. 4) are MOOT.

1

> has, on 3 or more prior occasions, while
> incarcerated or detained in any facility,
> brought an action or appeal in a court of the
> United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B),[2] the Court discovered that Plaintiff previously had at least three actions that were dismissed on grounds enumerated in § 1915(g). A review of the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama reflects that the following actions brought by Plaintiff were dismissed on one of these grounds, to-wit: Marcus Orlando Taite v. Haley, et al., CA 02-0034-MHT-CSC (M.D. Ala. Apr. 18, 2002); Marcus O. Tate, et al. v. Keahey, et al., CA 02-0734-BH-S (S.D. Ala. Feb. 11, 2003); and Marcus Tate v. Lawson, CA 06-01779-RBP (N.D. Ala. Nov. 17, 2006).

In addition to these actions, Plaintiff, while a prisoner, filed Drelijah Joshua Muhammad, II v. McIntyre, et al., CA 06-0228-BH-C

---

2 28 U.S.C. § 1915(e)(2)(B) provides:
> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid,
> the court shall dismiss the case at any
> time if the court determines that--
> . . .(B) the action or appeal--
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which
>   relief may be granted; or
>   (iii) seeks monetary relief against
>   a defendant who is immune from such
>   relief.

(S.D. Ala. Oct. 17, 2006), which was dismissed for lack of subject matter jurisdiction. The dismissal occurred in this manner because Plaintiff paid the filing fee for his action and sued non-state actors, which placed his action beyond the purview of 28 U.S.C. §§ 1915 and 1915A. Nonetheless, Plaintiff's § 1983 complaint was found to be without legal merit, which, by logical extension, meets the criteria of Neitzke v. Williams, 490 U.S. 319 (1989), for a frivolous action, *i.e.*, one based on an "indisputably meritless legal theory" or lacking an "arguable basis in law." Id. at 327, 328. Therefore, the dismissal should be eligible for consideration as a "strike" under § 1915(g). In any event, as discussed above, Plaintiff has three other dismissals that qualify as § 1915(g) strikes.

Furthermore, Plaintiff filed this action on or about May 18, 2010, without paying the filing fee, knowing that he would be subject to § 1915(g). This Court and the United States District Court for the Middle District of Alabama have entered Orders applying § 1915(g) to at least five actions filed by this Plaintiff, dismissing each of the actions for violating § 1915(g). See Tate v. Price, 2009 WL 1034965, CV-09-221-TMH (M.D. Ala. 2009)(concluding that summary dismissals of Plaintiff's four previous cases rendered him "in violation of the directives of 28 U.S.C. § 1915(g)" and required dismissal of the action); Tate v. Bivins, 2008 WL 2705388, CV-08-0333-BH-M (S.D. Ala. 2008) (dismissing action under 28 U.S.C. § 1915(g)); Tate v. Bass, 2007 WL 4571256, CV-07-1093-MHT (M.D. Ala.

3

2007) (recommending dismissal under "three strikes" provision of 28 U.S.C. § 1915(g)), *report and recommendation adopted by* Tate v. Bass, 2008 WL 160599 (M.D. Ala. 2008); Tate v. Bass, 2007 WL 2333041, CV—07-0298-CB-M (S.D. Ala. 2007) (dismissing action under § 1915(g)); Tate v. Bass, 2007 WL 1834892, CV-07-0305-KD-C (S.D. Ala. 2007) (dismissing action under § 1915(g)).

While the three-strikes provision of § 1915(g) provides an exception to the requirement of dismissal if "the prisoner is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), Plaintiff in the present action is not subject to this exception because his complaint does not indicate that, at the time of filing, he was "under imminent danger of serious physical injury." See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g). . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

In his complaint in this action, Plaintiff alleges that he is seeking redress ("$900 trillion dollars") for himself and all African American people arising out of the slave trade that occurred in Mobile, Alabama, "in slave days of time." (Doc. 1 at 1-3) (spelling corrected). Plaintiff sues the State of Alabama, the Roman Pope,

4

the Queen of England, the United States of America White House, the Christopher Columbus Slave Ship, and the N.Y. Stock Market "Trading Slave Post," seeking damages and the "right[] to leave the U.S. back to the great mother land of Africa" because he and other African Americans "did not ask[] to be here in the U.S. by 'free will,'" but were forced here by Defendants "and kidnapped from Africa through [their] Great, Great Ancestor's Grandmothers and Grandfathers and brought to Mobile, Ala. on the slave ships. . . ." (Id. at 1-2). These allegations do not meet § 1915(g)'s "imminent danger of serious physical injury" exception.

Because Plaintiff cannot avail himself of § 1915(g)'s exception and did not pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced).

Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). In light of this Report and Recommendation, Plaintiff's pending "motion to proceed without payment" (Doc. 3) is **DENIED**; and Plaintiff's motions to compel

5

an answer, to appoint counsel, and for class action status (Doc. 2) and to quash the indictment filed in state court (Doc. 4) are **MOOT**.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  <u>Transcript (applicable Where Proceedings Tape Recorded)</u>. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 21st day of July, 2010.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE